UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>      Plaintiff,<br><br>v.<br><br>ONSITE OIL TOOLS 401(K) PLAN,<br><br>      Defendant. | Civil Action No.: _____ |

## **COMPLAINT**

Plaintiff Eugene Scalia, Secretary of Labor (the Secretary), United States Department of Labor, alleges:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought by the Secretary, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), to enforce ERISA's Title I provisions, enjoin acts and practices violative thereof and obtain relief as may be appropriate to redress violations.

2. Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Northern District of Texas pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

4. Defendant Onsite Oil Tools, Inc. 401(k) Plan (the Plan) is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to coverage under ERISA § 4(a), 29 U.S.C. § 1003(a).

5. Onsite Oil Tools, Inc. (the Company) established the Plan, effective September 1, 2008, for the sole and exclusive purpose of providing benefits to its participants and beneficiaries. *See* Ex. A, Decl. of Gerardo Velez at ¶ 2.

6. Mark Treadwell, the Company's initial President and Owner, signed Plan documents on behalf of the Company, and the Plan documents list the Company as the Plan Administrator. *Id.* at ¶ 3.

7. Plan documents include a Dyatech, LLC (Dyatech) Non-Standardized 401(k) Profit Sharing Adoption Agreement and a Summary Plan Description signed by Mark Treadwell. *Id.* at ¶ 4.

8. Mark Treadwell sold the Company to Kenneth Goggans in 2013. The Company never appointed another fiduciary to administer the Plan after Mark Treadwell. *Id.* at ¶ 1 and 5.

9. Based on information and belief, the Company ceased operations between late 2015 and early 2016. *Id.* at ¶ 6.

10. However, no individual or entity is authorized to direct the distribution of the Plan and its assets. Although Kenneth Goggans acknowledged himself as the Plan fiduciary after purchasing the Company, he has never been recognized in writing by the Plan to act as a fiduciary. *Id.* at ¶ 7.

11. In September 2017, EBSA conducted an investigation involving missing contributions in the Plan. Subsequently, the contributions were restored back to the Plan. *Id.* at ¶ 8.

12. The Plan's assets are currently pooled and are held by American Funds, Amundi Pioneer, Davis Funds, Franklin Templeton, Lord Abbett, Nuveen, and Oppenheimer. Without direction from a named fiduciary or a court-appointed fiduciary, the Plan cannot be terminated or process participant account rollover or distribution requests. *Id.* at ¶ 10.

13. The Plan has not been terminated formally. *Id.* at ¶ 12.

14. To the best of the Secretary's knowledge, information and belief, as of December 28, 2015, the plan had $502,782.60 in assets and 17 participants. *Id.* at ¶ 11.

15. Because of the facts and circumstances set forth in the paragraphs above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA §§ 402(a) and 403(a), 29 U.S.C. §§ 1102(a) and 1103(a), respectively; and only this Court has authority to appoint a new trustee.

16. Because of the facts and circumstances set forth above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement or to draw them down upon retirement. Accordingly, the Plan's assets are not being held for the exclusive purpose of providing benefits to participants and beneficiaries in violation of ERISA § 403(c)(1). Also, because the basis upon which payments are made from the Plan are not and cannot be specified without a trustee, the Plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

17. An EBSA representative has identified Alpha & Omega, a third party administration firm located in California, to serve as an independent fiduciary for purposes of terminating the Plan and distributing its assets to the Plan's participants. *See* Ex. A, Decl. of Gerardo Velez at ¶ 14.

Wherefore, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), the Secretary prays that the Court:

A. Appoint Alpha & Omega as an independent fiduciary to administer the Plan, effectuate the distribution of Plan assets to participants and beneficiaries, and terminate the Plan; and

B. Provide such other relief as may be just and equitable.

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

ROBERT A. GOLDBERG
ERISA Counsel

U.S. Department of Labor
Office of the Solicitor
525 S. Griffin St., Suite 501
Dallas, TX 75202
Telephone: (972) 850-3127
Facsimile: (972) 850-3101
Email: lopez.christopher.d@dol.gov

By:

*/s/ Chris Lopez*
CHRISTOPHER D. LOPEZ-LOFTIS
Trial Attorney
TX State Bar #24086924

Attorneys for Plaintiff.

RSOL Case No. 0650-20-00185